39 C.C.P.A.(Patents)

## Application of THIEBLOT.

### Patent Appeal No. 5822.

United States Court of Customs and
Patent Appeals.

Jan. 29, 1952.

Campbell, Brumbaugh, Free & Graves, New York City (Walter H. Free, New York City, and Fisher & Christen, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

On July 11, 1947, appellant filed an application for a design patent, serial No. D–140,209 "For An Airplane."

The Primary Examiner rejected the single claim "The ornamental design for an Airplane substantially as shown," as not being patentable over the following references:

Berkow     D–138,277     July 11, 1944
Flying and Popular Aviation, May 1941,
    page 55, Figure "Fairchild M–62A"

The Board of Appeals affirmed the decision of the Primary Examiner and from that decision this appeal was taken.

The drawings shown in the application disclose a low-wing single-engine monoplane. It is described by the examiner as having a fuselage in generally circular cross-section which tapers gradually into an ovoid shape at its end extending into the vertical rudder section. The nose, wing tips, and rudder elements of the plane are squared and a transparent canopy covers the cockpit. It is said that the airplane of appellant was developed by the United States Navy for training purposes and is known as "XNQ." It is manufactured by the Fairchild Engine and Airplane Corporation of Hagerstown, Maryland, which is the residence of appellant.

The publication reference identifies the "Fairchild M–62A" airplane as a product of the same company which made appellant's plane. The reference plane, a view of which is depicted in the printed record, is a low-wing single-engine monoplane, apparently designed for two occupants in fore and aft position. There seems to be no canopy on the plane but there appears to be a windshield in front of each of the two cockpits. The design patent of Berkow shows a combination aircraft canopy and windshield.

The examiner held that to place the canopy of the Berkow patent on the Fairchild plane of the reference would result in substantially the same appearance as that claimed in the application. He noted that the Berkow canopy is of a removable type and it would not require the exercise of invention to put such canopy on the Fairchild plane.

The Board of Appeals in its decision observed that there is substantial similarity between the appearance of the canopy shown in the application and that of the Berkow reference, both disclosing three windows in the front of the canopy and a large transparent cover extending to the rear and that because of its removability the Berkow canopy may be applicable to any airplane.

Both the tribunals below noted that the differences between the reference plane and the involved structure comprise in the latter, squared wing tips and the squared tip of the vertical and movable rudders, whereas in the reference plane those elements possess curved edges. They concluded that as far as design is concerned no invention is involved in changing the curved edges to the more nearly squared edges.

Counsel for appellant, in their brief on appeal, contend that the single view of the Fairchild M–62A plane, as shown in the printed record, is inadequate to show the whole design and to justify the conclusion of the board that the plane of appellant and the reference plane look alike. They argue that the prior art reference should be as informative as the claimed designs are required by law to be in order that the novelty of the claimed design can be readily determined without conjecture as to the nature of the reference.

Subsequent to the filing of the brief for appellant in this court, the Solicitor of the United States Patent Office filed a motion to correct diminution of the record and prayed for a writ of certiorari covering appellant's letter to the Patent Office of February 9, 1949, and the attachments thereto, together with page 5 of appellant's brief before the Board of Appeals filed on October 28, 1949. This court denied the motion with privilege to renew the same at the hearing on appeal. The motion was renewed at the hearing and granted by the court with costs to be taxed on the decision.

It appears from the material added to the record that prior to the final rejection by the examiner counsel for appellant presented a careful written description of the plane shown in the publication reference together with several clear drawings thereof. Therefore, an accurate picture of that plane was before the examiner who stated in his final rejection that the detailed showing and the prints in connection with applicant's argument had been carefully considered.

Page 5 of appellant's brief before the Board of Appeals directed the attention of the board to the drawings of the Fairchild M–62A plane which had been brought to the examiner's attention and which was stated to be more revealing than the picture of the same plane shown in the publication reference.

The brief here on appeal for appellant makes no mention of the detailed description of the Fairchild M–62A drawings that were before both of the lower tribunals. It was stated that the photograph, as disclosed from the printed record, does not show the whole design of such plane and that the board could not have reached the conclusion it did without inferring something additional to what is shown in the reproduction of the photograph in the printed record.

On the whole record which is before us, it is obvious that neither the Primary Examiner nor the Board of Appeals arrived at their conclusions by inference or conjecture. That is clearly shown by the language of the tribunals below, as may be observed from what has been set forth herein.

It is not disputed that the formations with respect to the shaped ends are conventional. It appears to us from a careful examination of the drawings of the M–62A plane which were before the lower tribunals and of which the photograph is a rather indistinct representation, that there is a strong similarity in appearance between that plane and the one shown in the involved application. It is also obvious that the transparent removable canopy of the Berkow reference is vary similar to that of appellant.

We are of opinion that there was no error in rejecting the involved claim.

For the reason that we have found it necessary to consider the matter which

was added to the record by certiorari, the cost of such addition is taxed against appellant.

For the reasons herein set out, the decision of the Board of Appeals is affirmed.

Affirmed.